# DECLARATION OF JENNIFER BABAIE

# LAS AMERICAS IMMIGRANT ADVOCACY CENTER

I, Jennifer Babaie, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am a licensed attorney and a member in good standing of the California Bar. I have been the Advocacy and Legal Services Director at Las Americas Immigrant Advocacy Center ("Las Americas") since January 2023. Prior to joining Las Americas, I worked in various related positions. Starting in 2018, I worked as a supervising attorney and program director at the International Refugee Assistance Project, where I represented refugees, asylum seekers, and others seeking humanitarian assistance and family reunification, and I ran a cross-border program focused on providing direct legal services to persons in Ciudad Juarez seeking access to safety and family reunification in the United States.

2. On January 29, 2025, President Donald Trump issued an Executive Order instructing the Secretaries of Defense and Homeland Security to take all necessary steps to "expand the Migrant Operations Center at Naval Station Guantánamo Bay to full capacity," and the government has been taking steps toward detaining up to 30,000 noncitizens transferred from the United States to Guantánamo.

3. I am submitting this declaration to describe the difficulties Las Americas continues to face in accessing individuals, including clients, detained at Guantánamo.

5. The expansion of Guantánamo as an immigration detention site marks a drastic shift in U.S. immigration policy and directly undermines Las Americas' ability to provide free legal representation to detained immigrants. Many of the individuals subject to transfer are the same asylum seekers we typically serve in ICE detention centers in Texas and New Mexico. Offshoring their detention prevents Las Americas from offering them timely legal services and effectively places the detainees in a legal void where they cannot meaningfully assert their rights.

6. A crucial part of our legal representation is the need for access to the individual we are considering for representation and those we do represent. In the Otero County Detention Center ("Otero") and El Paso Processing Center ("El Paso"), we are typically able to access our clients either by telephone or in-person within 24-48 hours, or even faster. The ability to access clients and potential clients on a timely and confidential basis is vital to our operation and to the ability of people in custody to meaningfully pursue legal avenues towards relief and release.

7. The barriers to attorney access at Guantánamo impede Las Americas' ability to provide effective legal representation to our clients. Until February 20, 2025, no information has been provided about attorney access protocols at Guantánamo. On that day, the government shared in litigation documents that attorneys with G-28 forms on file will be able to request legal calls by following instructions on ICE.gov. However, I have been

monitoring ICE's website regularly and still do not see any information for how lawyers can request calls with detainees at Guantánamo. As of February 28, 2025, the website still did not include this information.

8. The fact that ICE seems to require a G-28 on file is also extremely problematic and inconsistent with practice in the United States. In order to determine whether an individual qualifies for our free legal services, they must first agree to participate in a legal screening interview with a member of our staff or a trained intake volunteer. This initial screening is designed to collect as much information as possible so that a staff attorney can review it before determining (a) whether more information is needed before we can make a decision, and/or (b) if they qualify for a legal pathway, and finally (c) if we have capacity and resources and knowledge to help them pursue that pathway. Requiring a G-28 in advance of first contact would effectively preclude us from offering services to anyone post-transfer unless we had already initiated an attorney-client relationship with them prior to the transfer.

9. The lack of any attorney visitation at Guantánamo is also extremely worrisome. In-person meetings allow us to visually observe how an individual is handling conditions in detention, take note of evidence relevant to their case that they may have on hand (like scars or physical evidence of torture), exchange and review documents, and collect ink signatures. In-person meetings also encourage the exchange of sensitive information that some feel hesitant to share by phone and help us guarantee confidentiality since we do not need to rely on the facility to exchange records.

10. To date, the U.S. government has not provided accurate information on how to determine whether an individual is at Guantánamo, how an attorney may arrange for a legal call there, and whether an individual seeking post-order relief would be forced to remain in Guantánamo. Instead, we have had to monitor the ICE detainee locator, where you can input an individual's A-number to try to find their location. When we did so for certain individuals we had assisted, the location listed was "Florida" and it instructed us to call the ICE field office in Plantation, FL. Upon calling the number, there was an automated message in English. The automated message then directs the caller to put in an extension for the person they want to speak with. Since there is no means of us obtaining an extension, we attempted to reach the directory by dialing 1#. However, the automated message again asked for an extension. But again, we did not have an extension or a means of obtaining an extension because the directory line did not work. We then received a warning from the automated system that the line will be cut without an entry typed in. A few seconds later, the line was cut.

11. In sum, there is no actual or feasible means of reaching a person through the phone number listed on the ICE detainee locator. As a result, we still have not been able to either confirm that an individual is at Guantánamo directly with the government, or initiate contact with a detainee at Guantánamo, despite multiple and repeated attempts. This has impeded our efforts to assist several individuals in detention whom we had been working with prior to their transfers.

Executed this 28th day of February, 2025, in El Paso, Texas.

*[signature]*

Jennifer Babaie
Director of Advocacy and Legal services
Las Americas Immigrant Advocacy Center