## DECLARATION OF YOIKER DAVID SEQUERA

I, Yoiker David Sequera, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge, and if called to testify, I could and would do so competently and truthfully to these matters.

2. My name is Yoiker David Sequera. I am a plaintiff in *Las Americas v. Noem*, Case No. 1:25-cv-00418 (D.D.C.). I joined that case to seek access to attorneys while I was detained at the U.S. military base at Guantánamo Bay, Cuba.

3. I am from Venezuela and came to the United States in September 2024. I tried waiting for a CBP One appointment but after about a month, I got desperate. I was immediately detained and spent the whole time in the United States in detention. I got a deportation order from the immigration judge on January 6, 2025, because I did not have an attorney to help me with my case.

4. On February 9, 2025, I was transferred from the detention center in El Paso in Texas to Guantánamo Bay, Cuba. They woke me up around 3 am and moved me with 15 other people onto a flight. They did not say anything about what was happening to us or where we were going. We were on the flight for about 7 hours before we landed. When we arrived, they did not give us much information about what was going to happen to us. Someone said that we were going to be deported eventually, but did not give us a date or any other details. We did not have any idea what was going to happen to us. Throughout my detention in Guantánamo, I was given no further information from ICE regarding what was going to happen to me.

5. I was held in a building with about 10 rooms and in each room there were about 6 people. We stayed in this small room for the entirety of our detention in Guantánamo. The only time we were able to leave was to go to 'the yard' outside for 15 minutes of recreation time in the evenings. It was extremely uncomfortable to be in such a small space for most of the day. We slept on mattresses that were slightly elevated off the ground.

6. There were various kinds of officers supervising us, including military guards. Every time we left our room, the guards would pat us down and we were almost always shackled.

7. When I was detained in El Paso, I was in a much larger dormitory with more space and more freedom to move around. In El Paso I was in a dormitory with about 60 other people and we could all move around between the yard and the rooms. I was never placed into solitary confinement.

8. Since February 8, when I last spoke to my mother, until February 17, when I was permitted one call with the ACLU, I was not able to communicate with anyone on the outside world. I asked to speak to my family but was told it was not possible. I did not try asking again after that. Many other people who were detained with me requested to speak

9. I felt like a prisoner while I was detained Guantánamo; I would have done anything to be set free from detention. The room I was housed in was too small, we had very few freedoms and we had no idea what was going on in the outside world or when we were going to be released.

with an attorney and with their families, but they were all told by the officers that it was not currently possible to facilitate calls.

10. No one deserves to be treated that way, without freedom and without dignity and no one should be subject to the treatment I received.

11. Because I am currently in transit through Venezuela and without stable internet connection, I could not sign this declaration myself but gave consent to Talia Roma to sign on my behalf.

Executed on the 28th day of February, 2025.

/s/ *Yoiker David Sequera*

Yoiker David Sequera

## ATTESTATION AND CERTIFICATE OF TRANSLATION

I, Talia Roma, certify that I am fluent in both English and Spanish. On February 28, 2025, I personally spoke with Yoiker David Sequera and read the foregoing declaration to him, translated into Spanish faithfully and accurately, over the phone. Mr. Sequera affirmed that he understood my translation and that the information in the above declaration is true and accurate.

Due to Mr. Sequera being currently in transit in Venezuela, it was not possible to obtain a written signature on the above declaration. In addition to confirming that the information in the above declaration is true, Mr. Sequera also gave me verbal consent to sign on his behalf.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

_____
Talia Roma
Paralegal
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94609
(415) 343-0770
troma@aclu.org