IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAIKER ALEJANDRO ESPINOZA ESCALONA, *et al.*,

*Plaintiffs–Petitioners*,

v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*,

*Defendants–Respondents*.

Case No: 25-cv-604-CJN

**RESPONSE TO NOTICE OF PLAINTIFF TRANSFER TO GUANTANAMO**

Plaintiffs' counsel write to respond to Defendants' Notice of Transfer to the Court, ECF No. 28, and to request that the Court order Defendants to provide 24-hour advance notice of their transfer of any more Plaintiffs to Naval Station Guantánamo Bay, Cuba ("Guantánamo").

On Tuesday, April 1, 2024, Defendants formally notified the Court of their transfer of "one or more Plaintiffs" to Guantánamo. ECF No. 28. Defendants have confirmed the transfer of one Plaintiff, Maiker Alejandro Espinoza Escalona, to Plaintiffs' Counsel.

The government began the process of transferring Mr. Espinoza Escalona on Friday, March 28, 2025, when it informed him that he would be transferred from the El Valle Detention Facility in Texas. Defendants have confirmed that he arrived at Guantánamo on Saturday, March 29. Defendants then deported him to El Salvador late into the night on Sunday, March 30. Plaintiffs' counsel did not receive any notice from the government of Mr. Espinoza Escalona's transfer until approximately four days after his transport to Guantanamo.

1

Counsel learned about Mr. Espinoza Escalona's transfer on Monday, March 31, 2025, through his immigration counsel. Specifically, Mr. Espinoza Escalona's sister contacted his immigration counsel at the Las Americas Immigrant Advocacy Center to share that Mr. Espinoza Escalona had called her from the El Valle Detention Facility late Friday night, March 28, to inform her that he had been told he would be transferred from the facility, though ICE would not share with him to where. Then, on March 31, Mr. Espinoza Escalona's sister recognized him in images published in a social media post by the Salvadoran President Bukele as being among the Venezuelan immigrants who had just been transferred from Guantánamo to El Salvador,[1] and contacted his immigration counsel. After being informed by Mr. Espinoza Escalona's immigration counsel about these developments, Plaintiffs' counsel immediately contacted counsel for Defendants on March 31 around 3 p.m. EDT, seeking confirmation of and further information regarding his transfer. At the time Plaintiffs' counsel reached out on March 31, Mr. Espinoza Escalona's location was still listed as "JTF Camp 6" at Guantánamo on the government's ICE detainee locator website.

While Plaintiffs' counsel waited for a substantive response from Defendants' counsel, multiple sources, including White House officials, confirmed that Mr. Espinoza Escalona was held at Guantánamo over the weekend before being flown Sunday night to El Salvador, where he is now imprisoned incommunicado.[2] On Tuesday, April 1 around 8 p.m. EDT, Defendants responded to Plaintiffs' counsel, stating that Mr. Espinoza Escalona had arrived at Guantánamo on March 29

---

[1] *See* Nayib Bukele X.com (Mar. 31, 2025, 9:42 AM ET), https://perma.cc/EH7S-6B7Y.

[2] *See e.g.*, Devlin Barrett et al., *U.S. Deports More Detainees to El Salvador, Calling Them 'Violent Criminals,'* N.Y. Times (Mar. 31, 2025), https://www.nytimes.com/2025/03/31/us/politics/trump-deportations-venezuelans-el-salvador.html; Arelis R. Hernández & Natalie Allison, *Trump Sends More Migrants to El Salvador As Legal Scrutiny Over Flights Mounts*, Wash. Post (Mar. 31, 2025), https://www.washingtonpost.com/immigration/2025/03/31/trump-el-salvador-venezuelans-deportations/.

and departed on March 30, without specifying the times or his next destination. Defendants filed their notice to the Court shortly thereafter. ECF No. 28.

Under Defendants' March 19, 2025, proposed notification protocol, ECF No. 27, Defendants proposed that they would provide notice of a plaintiff's transfer to Guantánamo within two business days *after* any transfer. Because Defendants began Mr. Espinoza Escalona's transfer to Guantánamo on a Friday evening, Defendants' "two business days" promise meant that Plaintiffs' counsel had no notice of Mr. Espinoza Escalona's transfer for at least four days, and had no opportunity to timely intervene during his detention at Guantánamo—the entire purpose of the notice requirement.

Mr. Espinoza Escalona is one of ten Plaintiffs who sought this Court's relief to stop their transfer to Guantánamo. Espinoza Escalona Decl. ¶¶ 3–7, ECF No. 2-4. He is now, potentially permanently, separated from his partner, who is in ICE custody, and their two-year-old daughter, who remains in the custody of the Office of Refugee Resettlement in the United States. *Id*. ¶ 7.

In light of the circumstances surrounding the transfer of Mr. Espinoza Escalona, Plaintiffs' counsel respectfully request that this Court order Defendants to provide 24-hour advance notice to the Court *prior* to the transfer of any of the remaining Plaintiffs to Guantánamo. Courts regularly order the government to provide even more notice ahead of transfers. *See, e.g.*, *Doe v. Mattis*, 928 F.3d 1, 5 (D.C. Cir. 2019) (affirming order requiring the government to give 72 hours' notice ahead of transfer); *N.T.C. et al. v. U.S. Immigr. & Customs Enf't*, No. 1:18-cv-6428-JMF (S.D.N.Y. July 17, 2018), ECF No. 9 (enjoining transfer of minors from ORR custody without providing 48 hours' advance notice); *Joshua M. v. Barr*, No. 3:19-cv-770-MHL (E.D. Va. Dec. 11, 2019), ECF No. 37 (ordering at least 72 hours' notice of any scheduled removal or transfer of petitioner out of the district).

Dated: April 2, 2025

Eunice H. Cho (D.C. Bar No. 1708073)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW, 7th floor
Washington, DC 20005
(202) 546-6616
echo@aclu.org

My Khanh Ngo
Kyle Virgien
Noelle Smith
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mngo@aclu.org
kvirgien@aclu.org
nsmith@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

Deepa Alagesan (D.D.C. Bar No. NY0261)
Kimberly Grano (D.D.C. Bar No. NY0512)
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, New York 10004
Telephone: (516) 838-7044
dalagesan@refugeerights.org
kgrano@refugeerights.org

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
Brett Max Kaufman (D.D.C. Bar No. NY0224)
Judy Rabinovitz
Noor Zafar
Omar C. Jadwat
Wafa Junaid
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
bkaufman@aclu.org
jrabinovitz@aclu.org
nzafar@aclu.org
ojadwat@aclu.org
wjunaid@aclu.org

Baher Azmy
Shayana D. Kadidal (D.C. Bar No. 454248)
J. Wells Dixon*
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, Floor 7
New York, NY 10012
T: (212) 614-6427
bazmy@ccrjustice.org
shanek@ccrjustice.org
wdixon@ccrjustice.org

Jessica Myers Vosburgh
Center for Constitutional Rights
P.O. Box 486
Birmingham, AL 35201
212.614.6492
jvosburgh@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

*Pro bono representation certificate forthcoming*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 2, 2025

                                                Respectfully Submitted,

                                                */s/ Lee Gelernt*
Lee Gelernt (D.D.C. Bar No. NY0408)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

*Attorney for Plaintiffs*